## My Brother's Place, Inc. v. Bureau of Employment Security

*Jerome Cohen, Rosenn, Jenkins & Greenwald,* Luzerne County, for appellant.

*Morley W. Baker,* Assistant Attorney General; *William C. Sennett,* Attorney General, for Commonwealth.

SHELLEY, J., July 11, 1969.—This matter comes before the court on the petition of My Brother's Place, Inc. (petitioner) to dismiss the assessment made against it under the Unemployment Compensation Law of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 PS §751, et seq., by the Bureau of Employment Security (Bureau) for the nonpayment or noncontributions by petitioner to the Unemployment Compensation Fund (Fund) on the wages paid by petitioner to four employes from the third quarter of 1961 through the third quarter of 1962. The employes are four brothers, and they, together with their father, are the sole officers and stockholders of the petitioner. There were additional employes upon whose wages contributions were made to the fund during the period referred to above. On petition of the bureau, a rule was granted on petitioner to show cause why the appeal of petitioner should not be dismissed for failure to prosecute.

The four brothers, and their father, were likewise the sole shareholders and officers of Roccograndi Wrecking Co., Inc. (Roccograndi) when a proceeding

was had before the bureau in connection with a claim for benefits. These four employes filed application for benefits and the same was denied, although that company had paid into the fund contributions based on the wages received by them from that company. The denial of benefits by the bureau was sustained by the Superior Court of Pennsylvania on appeal to it in Roccograndi Unemployment Compensation Case, 197 Pa. Superior Ct. 372 (1962). The bureau and that court held that they were ineligible for benefits.

After the decision of the Superior Court in Roccograndi, supra, petitioner involved in these proceedings ceased making payments to the fund on account of the wages received by the four brothers from petitioner.

The question involved in this matter is whether the father and his sons, as officers and employes of petitioner, are in covered "employment" and receiving "wages", as those two terms are defined in article I, sec. 4, paragraphs (1) and (x) of the Unemployment Compensation Law of December 5, 1936, supra, 43 PS §753.

It would appear from an examination of the record that petitioner has taken the position of "no benefits-no payment of tax." The bureau held petitioner liable for the assessment under article III, sec. 301, 43 PS §781, and article I, sec. 4, 43 PS §753(x)(10), of the Unemployment Compensation Law of December 5, 1936, supra.

The Unemployment Compensation Law of December 5, 1936, supra, art. III, sec. 301, 43 PS §781, requires each employer to pay contributions to the fund at a percentage rate of the wages paid by him for employment. Petitioner contends that the payments made for the period in question to the four brothers fall within the exception to the definition of "wages"

provided in article I, sec. 4, supra, 43 PS §753(x)(10), and are therefore not subject to employer contribution. The definition of "wages" and the exception upon which petitioner relies are as follows:

"(x) 'Wages' means all remuneration, (including the cash value of mediums of payment other than cash), paid by an employer to an individual with respect to his employment except that the term 'wages' shall not include:

"(10) The amount of any payment made after October first, 1961, to an individual by any corporation, partnership, association or other business entity in which fifty per centum (50%), or more, of the proprietary interest is owned by such individual, his spouse, father, mother, son, daughter, brother, sister, or any combination of such persons, unless the tax imposed by the Federal Unemployment Tax Act is payable with respect to such payment or payments."

However, petitioner's argument is erroneous because of the effect of the final clause of the above quoted language which creates an exception to the exception. Under that language, if a payment is subject to the tax imposed by the Federal Unemployment Tax Act of August 16, 1954, 68A Stat. 439, 26 U.S.C.A. §3301, et seq., then it is subject to contribution under the Pennsylvania Unemployment Compensation Law, supra, section 301. Since the payments in question fall within taxation under the Federal act, they are "wages" and are subject to contribution to the Pennsylvania State Fund.

The basic facts in this case are identical to those in the case of Labe's Men's Shop v. Young, 35 D. & C. 2d 135, 82 Dauph. 383 (1964). There a mandamus proceeding had been instituted to obtain a refund of contributions which had already been paid by appellant on wages received by four brothers who were the owners, officers and management of the corpora-

tion. In dismissing plaintiff's contention that the doctrine of piercing the corporate veil should be applied in determining contribution liability, Bowman, J., speaking for this court, held that in these circumstances, such persons are not self-employed but are in the "employment" of the corporation within the meaning of the Unemployment Compensation Law. The court said that it would not pierce the corporate veil to find that the shareholders were self-employed where it would result in the avoidance of a tax by the corporation for which it is otherwise indisputably liable. The corporate entity should only be disregarded when justice or public policy demand it and when the rights of innocent parties are not prejudiced thereby nor the theory of corporate entity made useless.

Considering what we have said, we conclude that the four brothers received "wages" from the petitioner, which "wages" were subject to contribution under the Unemployment Compensation Law of December 5, 1936, supra, and the appeal of petitioner must be dismissed. In view of our disposition of petitioner's appeal, there is nothing to be gained by a discussion of the rule granted the bureau and referred to above.

Accordingly, we make the following

## ORDER

And now, July 11, 1969, petitioner's appeal is dismissed. The Bureau's rule is likewise dismissed.